OPINION *Page 2 
{¶ 1} Defendant-appellant Mark Van Buren appeals the March 21, 2007 Judgment Entry of the Muskingum County Court of Common Pleas denying his motion to dismiss or stay the matter and compel arbitration. Plaintiffs-appellees are Robert M. Snider and Frances M. Snider. Appellant assigns a single error:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION OF DEFENDANT-APPELLANT MARK VAN BURDEN TO DISMISS THE COMPLAINT OR TO REQUIRE ARBITRATION OF THE DISPUTE."
 {¶ 3} This case arises out of a home construction contract which provided appellant's company, South Forty Homes, Inc., was to construct a home for appellees. Section 14 of the contract required the parties to first submit any disputes to binding arbitration, after identifying in writing the disputed "quality" items and giving the contractor an opportunity to cure those items.
 {¶ 4} Appellees allege South Forty Homes failed to perform the work under the contract in a workmanlike manner and failed to complete the construction of the home in the time period required under the terms of the contract. Appellees had another builder complete the project.
 {¶ 5} Appellees assert after the second builder completed their home, they sent two certified letters to South Forty Homes requesting arbitration, but South Forty Homes failed to respond to either letter. On July 17, 2006, Appellees filed this action seeking to recover their damages sustained, alleging breach of contract, as well as treble damages and reasonable attorney fees under the Ohio Consumer Sales Practices Act. The *Page 3 
complaint alleges South Forty Homes' articles of incorporation were cancelled in 1999, but appellant continues to do business under the South Forty name.
 {¶ 6} On September 19, 2006, appellant filed a motion to dismiss the complaint or to stay proceedings and compel arbitration. Appellees filed their memorandum in opposition to the motion on September 22, 2006, arguing appellant waived his right to arbitrate by failing to respond to appellees' certified letters requesting arbitration. The trial court conducted three status conferences, and then on March 13, 2007, it overruled appellant's motion to dismiss the complaint or to stay the proceedings and compel arbitration.
 {¶ 7} If a decision on a motion to stay the trial court proceedings pending arbitration is based on a factual determination, we review the court's decision under an abuse-of-discretion standard, Harsco Corp. v.Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. The Supreme Court has frequently defined the term `abuse of discretion' as implying the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 8} A trial court's grant or denial of a stay based solely upon questions of law, however, is reviewed under a de novo standard, see, e.g. Fortune v. Castle Nursing Homes, Inc., Holmes App. No. 05 CA 1,2005-Ohio-6195. Whether the contractual right to arbitration has been waived is a mixed question of fact and law, Buyer v. Long, Fulton App. No. F-05-012, 2006-Ohio-472.
 {¶ 9} In Small v. HFC of Perrysburg, Inc, 159 Ohio App.3d 66,2004-Ohio-5757, 823 N.E.2d 19, the Wood County Court of Appeals found "[arbitration is *Page 4 
encouraged as a method of dispute resolution, and a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision." Small at 69, citing Williams v. Aetna Finance.Co. (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859.
 {¶ 10} Nevertheless, the right to arbitrate, like any other contractual right, may be implicitly waived, Rock v. Merrill Lynch,Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126, 128,606 N.E.2d 1054. Because Ohio public policy strongly favors arbitration, however, the party asserting a waiver has the burden of proving it, Atkinson v.Dick Masheter Leasing II, Inc., Franklin App. No. 01AP1016, 2002-Ohio-4299. A party asserting waiver must establish (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right, Id.
 {¶ 11} When considering the totality of circumstances, a court may be guided by the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. See Baker-Henning Productions, Inc. v. Jaffe (Nov. 7, 2000), Franklin App. No. 00AP-36.
 {¶ 12} In response to appellant's motion to dismiss or for a stay and compel arbitration, appellees alleged "The Plaintiffs contacted the Defendants by letter on April *Page 5 
7, 2006 and May 2, 2006. The letters were sent by Certified Mail and requested the Defendants to contact the Plaintiffs to discuss possible arbitration. The Defendants failed to respond to the Plaintiffs request. The Plaintiffs had no choice but to file with [sic] within complaint which they did on July 17, 2006."
 {¶ 13} The Revised Code contains several provisions pertaining to arbitration. R.C. 2711.03(A) requires the trial court to conduct a hearing. However, appellant's motion was made pursuant to R.C. 2711.02, which states in pertinent part:
 {¶ 14} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 15} In Maestle v. Best Buy Company, 100 Ohio St.3d 330,2003-Ohio-6465, the Ohio Supreme Court addressed the issue of whether a trial court considering a motion to stay proceedings pending arbitration filed under R.C. 2711.02 must hold a hearing under R.C. 2711.03 when the motion does not involve R.C. 2711.03. The Supreme Court held:
 {¶ 16} "A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. *Page 6 2711.03, the trial judge's consideration is guided solely by R.C.2711.02 without reference to R.C. 2711.03. Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved."
 {¶ 17} The court concluded a trial court has discretion to hold a hearing on a motion to stay proceedings pending arbitration filed under R.C. 2711.02 if the motion is not also based on R.C. 2711.03, because R.C. 2711.02 does not expressly require a hearing, and courts should not read an implicit requirement into the statute.
 {¶ 18} Here, the trial court denied appellant's motion to dismiss or stay proceedings without conducting a hearing. We have reviewed the record, and find no properly authenticated evidence supporting appellees' allegation that appellant waived his right to arbitrate. Appellees did not attach the certified letters or any other evidence to their memorandum in opposition. They did not request an evidentiary hearing, and the trial court was not required to conduct one. Accordingly, we find the appellees did not meet their burden of proving appellant waived the right to arbitration, and the trial court erred in not sustaining the motion for stay and to compel arbitration.
 {¶ 19} The assignment of error is sustained. *Page 7 
 {¶ 20} For the foregoing reasons, the trial court's judgment is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., and Delaney, J., concur; Hoffman, J., dissents *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 21, 2007 Judgment Entry of the Muskingum County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to Appellees.