JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Terese Webb, appeals from common pleas court orders granting the defendants-appellees' motions to stay proceedings pending arbitration. She contends that the court abused its discretion by denying her request for an evidentiary hearing regarding the enforceability of the arbitration clause. She further argues that the court erred by failing to find that (a) the arbitration clause was inapplicable to her claims; (b) appellees waived their right to enforce the arbitration clause; (c) she was fraudulently induced to agree to the arbitration clause; (d) the arbitration clause was unconscionable and therefore unenforceable, and (e) the arbitration clause was unenforceable because it violated public policy. We find that, under the particular circumstances of this case, the trial court abused its discretion by failing to conduct an evidentiary hearing regarding the factual question whether the defendants-appellees waived their right to enforce the arbitration clause. Accordingly, we vacate and remand for further proceedings.
 {¶ 2} The complaint in this case was originally filed on September 12, 2007, and was amended on September 21, 2007 to include an exhibit inadvertently excluded from the original. It alleges that, on February 16, 2007, appellant arranged to purchase a Chrysler Sebring for $9,499 from appellee, ALC of West Cleveland, Inc., doing business as Banc Auto Liquidators. She claims ALC rushed her through financing paperwork and she executed a retail installment sales agreement which included, inter alia, an arbitration clause. She was not informed that any additional *Page 2 
approval or authorization was necessary. She paid a $1,700 downpayment and left with the vehicle and a temporary license tag.
 {¶ 3} On February 24, 2007, the salesman called her and told her that she needed a co-signer and if she did not find one, she would have to return the car. She was unable to find a co-signer, and tendered the vehicle back to the salesman on March 14, 2007. Nonetheless, the financing company, Credit Acceptance Corporation, informed her that her financing had been approved between March 15 and March 21, 2007, that it had not been informed that appellant had returned the vehicle, and that it was not willing to "take [her] off the sales contract." Credit Acceptance Corporation repossessed the vehicle and sold it at auction.
 {¶ 4} Appellant's complaint includes some twenty-six claims for relief and a request for treble damages. These claims assert, among other things, that (1) ALC breached its contract with appellant by failing to provide the vehicle on the agreed upon terms and demanding its return; (2) defendants intentionally caused appellant to suffer emotional distress; (3) defendants wrongly accused appellant of theft, presented false evidence in connection with the investigation, and used this accusation as leverage in a civil dispute with appellant; (4) defendants engaged in deceptive acts by failing to include all terms in the contract and by providing faulty notice of repossession and of disposition of the vehicle; (5) defendants unlawfully used a notary seal; (6) defendants engaged in deceptive acts or practices by representing that the vehicle was available to appellant based on financing terms *Page 3 
that did not exist; (7) various parts of the agreement were unconscionable, including the arbitration agreement, defendants' failure to return appellant's downpayment, and the excessive price; (8) fraud; and (9) civil conspiracy.
 {¶ 5} ALC filed a motion to stay proceedings pending arbitration of this matter; Credit Acceptance Corporation filed a motion to dismiss this action or to stay proceedings pending arbitration. Appellant responded to both motions. The court granted both motions and stayed proceedings pending arbitration. Appellant now appeals from these rulings.
 {¶ 6} The "Retail Installment Contract" executed by appellant on February 16, 2007 contains an "Agreement to Arbitrate" which states, in pertinent part:
 This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "we" and "us" mean Seller and/or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents or assignees or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and us. "You" means the Buyer(s). A "Dispute" is any dispute, controversy or claim between You and us arising out of or in any way related to this Contract, or any default under this Contract, or the collection of amounts due under this Contract, or the purchase, sale, delivery, set-up quality of the Vehicle, or any product or service included in this Contract. "Dispute" includes contract claims, and claims based on tort or any other legal theories. Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes brought later in the lawsuit. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. The arbitrator shall decide whether a particular *Page 4 
Dispute is subject to arbitration and any question as to the enforceability of all or part of this Arbitration Clause. * * * *
 {¶ 7} In her first assignment of error, appellant urges that the court should have held an evidentiary hearing on the enforceability of the arbitration clause. Appellant recognizes that, unlike the statute governing actions to compel arbitration, the statute governing motions for a stay of proceedings pending arbitration (R.C. 2711.02), does not require an evidentiary hearing. Maestle v. Best Buy Co.,100 Ohio St.3d 330, 2003-Ohio-6465. While the Ohio Supreme Court in Maestle intimated that the court might have discretion to hold a hearing in such cases, it concluded that "it is not appropriate to read an implicit requirement into the statute." Id. at ¶ 19.
 {¶ 8} Under R.C. 2711.02, the court must satisfy itself that the issue is referable to arbitration pursuant to a written agreement to arbitrate before it may stay proceedings pending arbitration. Appellant here concedes that at least some of the claims in her complaint relate to the failed purchase contract. These claims are clearly referable to arbitration pursuant to the contract. The question whether other claims may fall within the arbitration clause is a matter which the parties have left to the arbitrator, not the court, to decide, when they agreed that "the arbitrator shall decide whether a particular Dispute is subject to arbitration."[1] See, e.g., ATT Technologies, Inc. v.Communication Workers of America (1986), 475 U.S. 643, 649. *Page 5 
 {¶ 9} Our analysis does not end here, however. Appellant argues that appellees waived the right to enforce the arbitration clause by repudiating the contract. This is a mixed question of law and fact.Snider v. S. Forty Homes, Inc., Muskingum App. No. CT2007-0027,2008-Ohio-385, ¶ 8. Because Ohio public policy favors arbitration, the party asserting waiver bears the burden of proving it. "A party asserting waiver must establish (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right." Id., ¶ 10, citing Atkinson v. Dick Masheter Leasing II, Inc., Franklin App. No. 01AP-1016, 2002-Ohio-4299.
 {¶ 10} Most cases discussing waiver of the right to arbitrate are focused on conduct in litigation. Such conduct will be apparent from the record; no evidence is necessary to prove it. However, where, as here, the alleged waiver occurs before the case is filed, the party seeking to prove waiver must be given an opportunity to develop an evidentiary record, at least when they have requested an evidentiary hearing. The trial court here abused its discretion by failing to conduct an question whether the arbitration clause is applicable to some of her claims is a matter for the arbitrator, not an issue for this court to decide. *Page 6 
evidentiary hearing regarding the defendants' alleged repudiation of the contract, whether this repudiation waived the right to demand arbitration, and the effect of Credit Acceptance Corporation's ratification of the contract after the alleged repudiation. Therefore, we sustain the first assignment of error, vacate the trial court's order staying the case pending arbitration and remand for hearing on the
 {¶ 11} We find no merit to any of appellant's other arguments against enforcing the arbitration clause. Appellant's contention that the contract was fraudulently induced was not sufficient to defeat a motion for stay pending arbitration. ABM Farms, Inc. v. Woods,81 Ohio St.3d 498, 502, 1998-Ohio-612. Appellant also could not demonstrate that the arbitration clause was unconscionable because the contract gave her the right to reject the arbitration clause. Circuit City Stores v.Ahmed (9th Cir. 2002), 283 F.3d 1198, 1199. Accordingly, we overrule appellant's remaining assignments of error. *Page 7 
Vacated and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR
[1] For this reason, we decline to address appellant's second assignment of error. The question whether defendants waived the right to arbitrate. *Page 1