**SMALL, Exr., et al., Appellants,**

**v.**

**HCF OF PERRYSBURG, INC., d.b.a. The Manor at Perrysburg, Appellee.**

[Cite as *Small v. HCF of Perrysburg, Inc.,* 159 Ohio App.3d 66, 2004-Ohio-5757.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–04–036.

Decided Oct. 29, 2004.

**68**

Jay E. Feldstein, for appellants.

Todd M. Raskin and Jeffrey T. Kay, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal of the Wood County Court of Common Pleas March 31, 2004 judgment entry that ordered appellants, Michael Small, executor of the estate of Owen Small, Michael Small, individually, and Sybil Small, to submit their claims against appellee, HCF of Perrysburg, Inc., d.b.a. The Manor at Perrysburg ("The Manor"), to arbitration and stayed the case until the conclusion of arbitration. Appellants raise the following assignments of error:

{¶ 2} "First Assignment of Error

{¶ 3} "The trial court committed reversible error in granting defendant H.C.F. of Perrysburg, Inc., D/B/A/ The Manor at Perrysburg's, motion to stay and order referral to arbitration.

{¶ 4} "Second Assignment of Error

{¶ 5} "The trial court committed reversible error in not conducting a hearing prior to granting defendant HCF of Perrysburg, Inc., D/B/A The Manor at Perrysburg's, motion to stay and order referral to arbitration."

{¶ 6} An overview of the facts is as follows. On December 17, 2002, appellant Sybil Small transported her husband, Owen Small, to The Manor, a nursing-care facility. At the time of his admission, Mr. Small was semiconscious and was transported immediately from The Manor to the hospital. Just prior to his transport, and pursuant to a durable power of attorney for health care, Mrs. Small signed an admission agreement that included an arbitration clause.

{¶ 7} On December 20, 2002, Mr. Small was back at The Manor and was being transported, unrestrained, by wheelchair when he fell and sustained injuries. On December 29, 2002, Mr. Small passed away at the hospital. In a complaint filed

on December 29, 2003,[1] appellants allege that appellee's negligence caused Mr. Small's fall and that Mr. Small's injuries proximately caused his death.

{¶ 8} On February 27, 2004, appellee filed a motion to stay the matter and requested an order referring the matter to arbitration pursuant to R.C. 2711.01 and 2711.02 and the admission agreement. Appellants opposed the motion, arguing that the arbitration clause in the agreement was unconscionable. On March 31, 2004, the trial court granted appellee's motion, and this appeal followed.

{¶ 9} In their first assignment of error, appellants contend that the trial court erroneously upheld the unconscionable arbitration clause. Appellants argue that the clause was unconscionable because Mrs. Small, at the time she signed the document, was concerned about the immediate health of her husband and was in no position to review and fully appreciate the terms of the agreement. Appellants further contend that the arbitration provision unfairly favors appellee because it preserves The Manor's right to pursue a claim for nonpayment in a court of law and awards the prevailing party attorney fees and costs.

{¶ 10} Arbitration is encouraged as a method of dispute resolution, and a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. This public policy favoring arbitration is codified in Ohio's Arbitration Act, R.C. Chapter 2711. R.C. 2711.01(A) states:

{¶ 11} "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

{¶ 12} We review a decision to stay the trial court proceedings pending arbitration under an abuse-of-discretion standard. *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

---

1. An amended complaint was filed on December 30, 2003. The amended complaint provided for service to appellee's statutory agent.

{¶ 13} In this case, section IV of the admission agreement, captioned "Resolution of Legal Disputes," provides:

{¶ 14} "A. Nonpayment of Charges. Any controversy, dispute, disagreement or claim of any kind arising between the parties after the execution of this Agreement regarding nonpayment by Resident or Responsible Party for payments due to the Facility shall be adjudicated in a court of law, or arbitrated if mutually agreed to by the parties.

{¶ 15} "B. Resident's Rights. Any controversy, dispute, disagreement or claim of any kind arising between the parties after the execution of this Agreement in which resident or a person on his/her behalf alleges a violation of any right granted Resident in a State or Federal statute shall be settled exclusively by binding arbitration.

{¶ 16} "C. All Other Disputes. Any controversy, dispute, disagreement or claim of any kind arising between the parties after the execution of this Agreement (other than those actions in sections V.A. and V.B. of this Agreement) shall be settled exclusively by binding arbitration. This arbitration clause is meant to apply to all controversies, disputes, disagreements or claims including, but not limited to, all breach of contract claims, negligence and malpractice claims, and all other tort claims.

{¶ 17} "D. Conduct of Arbitration. The Resident's agreement to arbitrate disputes is not a condition of admission. If, however, the Resident and/or Responsible Party agree to arbitrate disputes by signing this Agreement, then the arbitration will be conducted as follows: Any arbitration conducted pursuant to this Article IV shall be conducted at the Facility in accordance with the American Health Lawyers Association ('AHLA') Alternative Dispute Resolution Service Rules of Procedure for Arbitration, and judgment on the award rendered by the arbitrator shall be entered in any court having jurisdiction thereof. The parties understand that arbitration proceedings are not free and that any person requesting arbitration will be required to pay a filing fee and other expenses. The prevailing party in the arbitration shall be entitled to have the other party pay its costs for the arbitration, including reasonable attorneys' fees and prejudgment interest. The issue of whether a party's claims are subject to arbitration under this agreement shall be decided through the AHLA arbitration process noted above."

{¶ 18} The final page of the agreement, just above the signature lines, provides:

{¶ 19} "THE PERSON(S) SIGNING BELOW HAVE READ ALL THE TERMS OF THIS AGREEMENT, AND HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS REGARDING THOSE TERMS. THE PARTIES UNDER-

STAND THAT BY SIGNING THIS AGREEMENT THAT THEY ARE AGREEING TO WAIVE THEIR RIGHTS TO SUE IN A COURT OF LAW AND ARE AGREEING TO ARBITRATE DISPUTES. THE PARTIES DO FOR THEMSELVES, THEIR HEIRS, ADMINISTRATORS AND EXECUTORS, AGREE TO THE TERMS OF THIS AGREEMENT IN CONSIDERATION OF THE FACILITY'S ACCEPTANCE OF AND RENDERING SERVICES TO THE RESIDENT."

 {¶ 20} As set forth above, R.C. 2711.01(A) provides that an arbitration clause may be unenforceable based on legal or equitable grounds. An arbitration clause may be legally unenforceable where the clause is not applicable to the matter at hand, or if the parties did not agree to the clause in question. *Benson v. Spitzer Mgt., Inc.*, 8th Dist. No. 83558, 2004-Ohio-4751, 2004 WL 2002503, ¶ 13, citing *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519, 625 N.E.2d 635. Further, an arbitration clause is unenforceable if it is found by a court to be unconscionable. Unconscionability refers to the absence of a meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to one party. *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. Accordingly, unconscionability consists of two separate concepts: (1) substantive unconscionability, which refers to the commercial reasonableness of the contract terms themselves, and (2) procedural unconscionability, which refers to the bargaining positions of the parties. *Id. Collins* defines and differentiates the concepts as follows:

{¶ 21} "Substantive unconscionability involves those factors which relate to the contract terms themselves and whether they are commercially reasonable. Because the determination of commercial reasonableness varies with the content of the contract terms at issue in any given case, no generally accepted list of factors has been developed for this category of unconscionability. However, courts examining whether a particular limitations clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. See [*Fotomat Corp. of Florida v.*] *Chanda* [ (Fla.App.1985), 464 So.2d 626]; [Richard A.] *Berjian* [*D.O., Inc. v. Ohio Bell Tel. Co.* (1978), 54 Ohio St.2d 147, 8 O.O.3d 149, 375 N.E.2d 410] * * *.

{¶ 22} "Procedural unconscionability involves those factors bearing on the relative bargaining position of the contracting parties, e.g., 'age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question.' *Johnson v. Mobil Oil Corp.* (E.D.Mich.1976), 415 F.Supp. 264, 268." Id.

{¶ 23} In order to negate an arbitration clause, a party must establish a quantum of both substantive and procedural unconscionability. Id. In reviewing the arbitration clause at issue, we will individually discuss each prong.

## Substantive Unconscionability

{¶ 24} Appellants contend that the arbitration clause is substantively unconscionable because (1) it gives The Manor the right to proceed in any forum its chooses for the resolution of fees disputes while limiting residents' claims to arbitration; (2) the arbitration clause, despite the language in the agreement, was a condition of admission; (3) the prevailing party is entitled to costs and reasonable attorney fees; (4) the issue of whether a resident's claim is subject to arbitration is improperly to be determined through the arbitration process; and (5) the clause requires that arbitration be conducted at the facility rather than a neutral setting. Appellee counters each assertion.

{¶ 25} The arbitration clause does contain a sentence that provides that admission is not conditioned on agreement to the clause. However, the same clause states that any "controversy, dispute, disagreement or claim" of a resident "shall be settled exclusively by binding arbitration." Further, and most important, the bold print directly above the signature lines states that by signing the agreement, the parties agree to arbitrate their disputes and that the parties agree to the terms of the agreement "in consideration of the facility's acceptance of and rendering services to the resident." The residents or their representatives are provided no means by which they may reject the arbitration clause. Accordingly, we believe that the resident or representative is, by signing the agreement that is required for admission, for all practical purposes being required to agree to the arbitration clause.

{¶ 26} On review of the arbitration clause and the arguments of the parties, we find troubling the fact that the prevailing party is entitled to attorney fees. Typically, attorney fees are not awarded to the prevailing party in a civil action unless ordered by the court (such as following a finding of frivolous conduct). Though the prevailing party may be the resident or representative, individuals may be discouraged from pursuing claims because, in addition to paying their attorney and, pursuant to the arbitration clause, the costs of the arbitration, they may be saddled with the facility's costs and attorney fees. Such a burden is undoubtedly unconscionable.

## Procedural Unconscionability

{¶ 27} As stated above, procedural unconscionability involves an examination of the bargaining position of the parties. In her affidavit, Mrs. Small stated that when she arrived at The Manor, she was concerned about her husband's

health because he appeared to be unconscious. Shortly after his arrival, she was informed that Mr. Small was going to be transported by ambulance to the hospital. Mrs. Small was then approached by an employee of The Manor and asked to sign the admission agreement. The agreement was not explained to her, and Mrs. Small stated that she signed the agreement "while under considerable stress." Mrs. Small stated that the entire process, from their arrival at The Manor until the ambulance left, took approximately 30 minutes.

{¶ 28} After careful review of the particular facts of this case, we find procedural unconscionability. When Mrs. Small signed the agreement, she was under a great amount of stress. The agreement was not explained to her; she did not have an attorney present. Mrs. Small did not have any particularized legal expertise and was 69 years old on the date the agreement was signed.

{¶ 29} In finding that The Manor's arbitration clause is unconscionable, we must make a few observations. Though we firmly believe that this case demonstrates both substantive and procedural unconscionability, there is a broader reason that arbitration clauses in this type of case must be closely examined. Arbitration clauses were first used in business contracts between sophisticated businesspersons as a means to save time and money should a dispute arise. As evidenced by the plethora of recent cases involving the applicability of arbitration clauses, the clauses are now being used in transactions between large corporations and ordinary consumers, a use that is cause for concern. Particularly problematic in this case, however, is the fact that the clause at issue had potential application in a negligence action. Such cases are typically fact-driven and benefit from the discovery process afforded in a civil action. Further, negligence cases often hinge on the reasonableness of a particular action or inaction. Such a subjective analysis is often best left to a jury acting as the fact finder. These observations are not intended to prevent the application of arbitration clauses in tort cases; we merely state that these additional facts should be considered in determining the parties' intentions.

{¶ 30} Based on the foregoing, we find that appellants' first assignment of error is well taken. Due to our disposition of appellants' first assignment of error, we find that appellants' second assignment of error is moot.

{¶ 31} On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed. The case is remanded for further proceedings consistent with this decision. Pursuant to App.R. 24, costs of this proceeding are assessed to appellee.

Judgment reversed.

HANDWORK, P.J., and KNEPPER, J., concur.