DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order staying proceedings pending arbitration issued by the Sandusky County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On December 20, 2002, appellants, James and Laura Mills, entered into a contract with appellee, Rusk Industries doing business as Everdry Waterproofing. On March 11, 2004, appellants filed a complaint against appellee in the Sandusky County Court of Common Pleas. Appellants allege that appellee breached the contract and breached implied and express warranties by performing services in an unworkmanlike manner, resulting in damages from flooding in excess of $25,000. On March 25, 2004, appellee responded to the complaint with a motion to compel arbitration and to stay the case pending the results of arbitration. On November 10, 2004, the court granted the motion to stay. This appeal followed.
 {¶ 3} Initially, appellants were solicited by appellee and offered a free inspection and estimate. Appellants accepted. After the inspection of their basement, appellants declined the services offered by appellee because of the price. Subsequently, appellee contacted appellants again and offered a lower price. The parties entered into an agreement to waterproof appellants' basement for the cost of $8,350. Appellants testified that they did not contact any other companies that provide similar services. Appellants signed the front of the standard contract issued by Everdry stating the price and the services to be rendered. On the back of the contract the terms and conditions are listed. The sixth item is a clause which requires arbitration of any controversy or claim arising from the contract under the Construction Industry Arbitration Rules of the American Arbitration Association. The signature of appellant James Mills appears on the back of the contract at the bottom of the page, but on appellee's copy only. Mills testified that if his signature appeared on the contract he would have read the terms and agreed to them. Appellants did not attempt to negotiate the terms of the contract, including the arbitration clause. Appellants testified they were never intimidated by appellee. Finally, appellants were aware of the three-day period of a right to rescission, but chose not to exercise the right.
 {¶ 4} Appellants have not set forth an Assignment of Error pursuant to App.R. 16(A)(3), but instead have set forth the following Statement of Issues Presented for Review:
 {¶ 5} "Whether the Trial Court erred to the prejudice of Appellants/Plaintiffs by granting Appellee's Motion for Stay of Proceedings Pending Arbitration where Appellee used an adhesive and oppressive arbitration clause."
 {¶ 6} The proper standard of review of a motion to stay proceedings pending arbitration is abuse of discretion. Harsco Corp. v. Crane CarrierCo. (1997), 122 Ohio App.3d 406, 410. Under this standard, the decision of the trial court will not be reversed unless the court has abused its discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore,5 Ohio St.3d 217, 219.
 {¶ 7} An arbitration clause in a contract is "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A). A court shall stay the trial of the action until after arbitration "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration." R.C. 2711.02(B).
 {¶ 8} Appellants contend the contract at issue is unconscionable and thus, revocable under law. In Ohio, if a dispute falls within the scope of an arbitration clause of an agreement, a presumption favoring such arbitration exists. Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464,471. Nevertheless, a trial court may deny a motion to stay proceedings pending arbitration if the arbitration provision is unconscionable. Id. at 473.
 {¶ 9} Unconscionability is the absence of a meaningful choice by one of the parties where the terms of the contract are unreasonably favorable to the other party. Small v. HCF of Perrysburg, Inc., 159 Ohio App.3d 66,2004-Ohio-5757, at ¶ 20; citing Collins v. Click Camera Video, Inc.
(1993), 86 Ohio App.3d 826, 834. Unconscionability consists of two separate, required concepts: substantive and procedural unconscionability. A party must establish at least a quantum of both concepts to invalidate an arbitration clause. Id. at ¶ 23.
 {¶ 10} First, procedural unconscionability is a disparity in bargaining power between two parties to a contract. To compare the bargaining positions of the parties, the court considers factors such as age, education, intelligence, relative bargaining power, drafter of the contract, explanation of terms to the weaker party, and alternative sources of supply for the goods or services provided. Id. at ¶ 22. Upon consideration of the relative bargaining positions of the parties, if disparity exists, the agreement is not formed by a voluntary meeting of the minds and therefore the provision is procedurally unconscionable.Porpora v. Gatliff Building Co., 160 Ohio App. 3d 843, 2005-Ohio2-410, at ¶ 7.
 {¶ 11} Appellants rejected appellee's initial offer based on cost of the services provided, but subsequently negotiated a reduced price. The front of the contract stated the price and services to be provided and both appellants signed the front of the document. On the back of the contract under the arbitration clause appears the signature of appellant James Mills. Mills testified that if his signature appeared on a page he would have reviewed the information and he would have agreed to what was written. Appellants state they were never intimidated by appellee's salesperson. In addition, appellants understood a three-day rescission period was available during which time they could cancel the contract. Moreover, appellants had not contacted any other companies for similar services. Upon reading and signing the document, appellants did not attempt to further negotiate the terms of the contract, or afterward attempt to rescind the contract. Appellants had the opportunity to seek other providers for services or negotiate the terms of the agreement. Accordingly, the contract and the arbitration clause are not procedurally unconscionable because no disparity in bargaining power existed between the parties at the time of entering into the contract.
 {¶ 12} Second, substantive unconscionability refers to unreasonable terms of the contract. Small, at ¶ 21. When determining the reasonableness of the terms of the contract itself courts consider the fairness of the terms, the charge for services rendered, the industry standard and the ability to predict future liability. Id.
 {¶ 13} The terms of the arbitration clause enumerated as number six in the contract under the "Terms and Conditions" are as follows:
 {¶ 14} "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and any judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."
 {¶ 15} The terms of the arbitration clause require arbitration by a neutral party and give the rules under which any dispute would be arbitrated. Appellants contend the terms of the arbitration clause are unfair because the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") may impose "extremely high" costs on appellants and may shift the cost of the arbitration to the losing party. In addition, appellants maintain that these costs would not be as high as under the consumer contract rules of the AAA. Therefore, appellants assert, the arbitration clause dissuades appellants from bringing an action to recover for injuries because of the disparate economic positions of the parties.
 {¶ 16} Even if a thorough examination of the rules of the AAA reveal that the cost of arbitration would unfairly dissuade appellants from bringing an action against appellee, there is no such evidence in the record. No evidence was presented showing a disparity in bargaining power when agreeing to these terms. Since the contract is not procedurally unconscionable, appellants were in a position to reject the contract if they perceived the terms of the arbitration clause were unfair. Appellants asked no questions nor were they given false or misleading information concerning the arbitration clause. An unexplained, undistinguished arbitration clause in the body of a consumer contract may on its face, in the opinion of some, be unconscionable. However, we must apply the current case law and statutes to the circumstances of this case. Consequently, appellants have failed to establish both procedural and substantive unconscionability; therefore, the arbitration clause itself is not unconscionable.
 {¶ 17} Since the arbitration clause of the contract is not unconscionable, the trial court did not unreasonably and arbitrarily ignore the presence of an unconscionable arbitration clause in the contract. Therefore, the trial court did not abuse its discretion and the court properly granted the motion to stay proceedings pending arbitration.
 {¶ 18} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellants ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, J. Skow, J. Concur.