{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Mary O'Neill, appeals the July 9, 2007 trial court judgment granting defendant-appellee's, Glenwood Homes, Ltd., motion to stay. *Page 3 
O'Neill also appeals the August 3, 2007 trial court judgment denying her motion to lift the stay against Glenwood Homes and return the case to the active docket. For the reasons that follow, we affirm.
 {¶ 3} On January 25, 2007, O'Neill filed a complaint against Glenwood Homes and defendants-appellees Southampton Woods Community Association, Inc., and seven Southampton board members in their personal capacity. O'Neill contended, among other things, that Glenwood Homes was in breach of a contract it had entered into with her. The contract, however, was not attached to the complaint, as required by Civ.R. 10(D)(1). On May 2, 2007, Glenwood Homes filed its answer and a cross-claim against Southampton Woods.
 {¶ 4} On May 25, 2007, O'Neill filed a motion for leave to file a first amended complaint, which was granted on June 5, 2007. On June 13, 2007, Glenwood Homes filed a motion to stay on the basis that a clause in the contract compelled arbitration. On June 15, 2007, O'Neill filed her amended complaint, with, among other claims, a claim for breach of contract. The contract, however, was again not attached to the amended complaint. Glenwood Homes did not answer the first amended complaint.
 {¶ 5} On June 18, 2007, O'Neill filed a motion for leave to file a second amended complaint, which the court granted. The second amended complaint was filed on July 5, 2007, and a copy of the contract between the parties was attached. Glenwood Homes did not file an answer to the second amended complaint. *Page 4 
 {¶ 6} The court granted Glenwood Homes' motion to stay proceedings on July 9, 2007, and ordered that O'Neill's claims against Glenwood Homes be arbitrated. The court further ordered that the other claims would remain on its active docket. O'Neill thereafter filed a motion to lift the stay in regard to Glenwood Homes, which the court denied on August 3, 2007. O'Neill asserts three errors for our review.
 {¶ 7} In her first assignment of error, O'Neill argues that the trial court erred in granting Glenwood Homes' motion to stay because it waived its right to demand arbitration. O'Neill contends in her second assignment of error that the trial court erred by ordering only her claims against Glenwood Homes to arbitration. In her third assignment of error, O'Neill contends that the trial court erred by enforcing the arbitration clause because it was unconscionable and illegal.
 {¶ 8} Generally, an appellate court reviews a trial court's determination of a motion to stay trial pending arbitration for an abuse of discretion. Ball v. Ohio State Home Services, Inc.,168 Ohio App.3d 622, 625, 2006-Ohio-4464, 861 N.E.2d 553. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} The legal issue of whether an arbitration provision in an underlying contract is unconscionable, however, is reviewed de novo.Featherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc.,159 Ohio App.3d 27, 33, 2004-Ohio-5953, *Page 5 822 N.E.2d 841. The determination of whether a contractual provision is unconscionable is fact-dependant and requires an analysis of the circumstances of the particular case before the court. Id. at ¶ 12, citing Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150,2004-Ohio-829, 809 N.E.2d 1161. Pursuant to this standard, this court possesses a plenary power of review affording the trial court's analysis no deference. Id. at ¶ 11.
 {¶ 10} We therefore review the first and second assignments of error under an abuse of discretion standard and the third assignment of error de novo.
 {¶ 11} In regard to the first assignment of error, O'Neill argues that arbitration is an affirmative defense that Glenwood Homes waived by not asserting it in its answer. We disagree. Glenwood Homes did not file an answer to O'Neill's first or second amended complaints. Rather, prior to O'Neill filing her first amended complaint, Glenwood filed a motion to stay, wherein it requested that her claims against it be arbitrated. It is well established that an amended pleading constitutes an abandonment of a previous similar pleading. Soc. Bank Trust Co. v. Zigterman
(1992), 82 Ohio App.3d 124, 127, 611 N.E.2d 477.
 {¶ 12} The Ohio Supreme Court has addressed the issue of the waiver of affirmative defenses other than those set forth in Civ.R. 12(B), holding that they are waived if they are not raised in the pleadings or inan amended pleading. Jim's Steak House, Inc. v. Cleveland,81 Ohio St.3d 18, 20, 1998-Ohio-440, 688 N.E.2d 506. *Page 6 
 {¶ 13} O'Neill's second amended complaint was the surviving and controlling pleading. At the time she filed that complaint, Glenwood Homes' motion to stay was pending with the court. Moreover, Glenwood Homes never answered the second amended complaint (or the first for that matter) and the docket is void of its participation in any discovery. The trial court did not therefore abuse its discretion in granting Glenwood Homes' motion to stay and the first assignment of error is overruled.
 {¶ 14} O'Neill argues in her second assignment of error that the trial court erred by not ordering Glenwood Homes' cross-claim against Southampton Woods to arbitration as well, because that claim was inseparable from her claim against Glenwood Homes. That cross-claim failed to survive, however. As previously mentioned, Glenwood Homes never answered O'Neill's first or second amended complaints. The cross-claim it had asserted against Southampton in its answer to O'Neill's original complaint was, therefore, never reasserted. Accordingly, the trial court did not abuse its discretion in granting Glenwood's motion to stay and the second assignment of error is overruled.
 {¶ 15} In the third and final assignment of error, O'Neill argues that the arbitration clause in the contract is illegal because it does not call for binding arbitration. We disagree. *Page 7 
 {¶ 16} The clause provided as follows: "ARTICLE IV Any and all disputes relating to this agreement or any breach thereof shall be decided by arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association and any hearings shall be held in Cleveland, Ohio. Any award shall be enforceable in any court of competent jurisdiction. All costs and expenses of the arbitration incurred by the prevailing party, including interest and attorney fees, shall be awarded by the arbitrator to be paid by the non-prevailing party." (Emphasis in original.)
 {¶ 17} This language, in particular, "[a]ny and all disputes * * * shall be decided by arbitration[,]" is final and binding and the clause therefore is not legally unenforceable as argued by O'Neill. Further, O'Neill summarily states in setting forth her assignment of error that the arbitration clause is unconscionable, but offers no argument on the subject. In order to negate an arbitration clause on the basis of unconscionability, the claiming party must demonstrate substantive and procedural unconscionability. Schwartz v. Alltel Corp., Cuyahoga App. No. 86810, 2006-Ohio-3353, T|24, citing Small v. HCF of Perrysburg,Inc., 159 Ohio App.3d 66, 2004-Ohio-5757, 823 N.E.2d 19. O'Neill has failed to demonstrate either. Accordingly, the arbitration agreement is neither unconscionable or illegal, and the third assignment of error is overruled.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
 KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1