OPINION *Page 2 
{¶ 1} Plaintiff-appellants, Jonwade and Judith Boyd, appeal a judgment of the Fairfield County Common Pleas Court finding the arbitration clause in their condominium declaration to be binding and staying their action in the Common Pleas Court pending arbitartion. Defendant-appellee is Spring Creek Condominium Association.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellants own a condominium unit in Spring Creek Condominiums. Appellants represent that they purchased their condominium unit due in part to the Condominium Association's Declaration which stated that twenty-five percent (25%) of the units in the development could be used for rental purposes.
 {¶ 3} Spring Creek Condominium Association, (hereinafter "Association") is a non-profit corporation organized pursuant to Ohio Revised Code Chapter 5311. The Spring Creek Condominiums (hereinafter "Condominiums") consist of 148 individual units and appurtenant common elements. The Association's Declaration and Bylaws were enacted on April 9, 1998.
 {¶ 4} On December 4, 2006, the Association members adopted an amendment to the Declaration. During the amendment process, seventy-five percent (75%) of the Association members voted to execute a Twentieth Amendment to the Declaration. The Twentieth Amendment reduced the number of rental units from twenty-five percent (25%) to five percent (5%). The amendment was duly recorded on December 5, 2006, in the Fairfield County Recorder's Office. *Page 3 
 {¶ 5} On November 29, 2007, pursuant to R.C. 5311.05(E), appellants filed a declaratory judgment action against the Association to have the Twentieth Amendment declared invalid. In their complaint, appellants alleged that the reduction of allowable rental units impacted the fundamental purpose of their condominium unit. Appellants alleged that because the amendment affected a fundamental purpose of the unit, the Association was required to enact the amendment following the procedure set forth in Article XIX, Section I(A) (i)-(iv) of the Association's Declaration, which requires the consent of one hundred percent (100%) of the unit owners for any amendment affecting a change in "the fundamental purposes to which any Unit or the Common Areas is restricted." Appellants argued that the Association's failure to obtain 100% unit owner approval violated Article XIX, Section I (A)(i)-(iv) of the Declaration and R.C. 5311.05(E)(1).
 {¶ 6} On December 27, 2007, the Association filed an Answer and motion to stay the proceedings pending arbitration. In the Answer, the Association denied any violation of Article XIX, Section I (A)(i)-(iv).[1] In support of the motion to stay, the Association argued that Article XX, Section 2, of the Association's Declaration states that in the event of a dispute between the Association and a unit owner, the dispute must first be submitted to arbitration in accordance with Chapter 2711 of the Ohio Revised Code, prior to any legal proceedings being instituted against the Association.
 {¶ 7} On January 25, 2008, the appellants filed a memorandum in opposition to the Association's motion for stay. In response, the appellants argued that the Declaration's arbitration clause, i.e. Article XX, Section 2, enacted in 1998, was not *Page 4 
controlling in this case. Appellants argued that their lawsuit was brought pursuant to R.C. 5311.05(E)(2) and (3), which was enacted by the Ohio State Legislature in 2004 and provides that any unit owner who is aggrieved by an amendment to a condominium declaration that the board of directors makes without a vote of the unit owners may commence a declaratory judgment action to have the amendment declared invalid. Appellants argued that because the mandatory arbitration clause in the original condominium declaration is in conflict with state law, i.e. R.C. 5311.05(E), it is usurped by state law and, therefore, the arbitration clause is null and void and unenforceable. Further, appellant argued that since 2004, i.e. the enactment of the legislation, the Association has not obtained a new vote by members whereby they have voted to have their disputes resolved by arbitration prior to bringing a lawsuit against the Association. For these reasons, appellants argued, the 2004 legislation set forth in R.C. 5311.05(E) applies, the matter is required to be heard by the court of common pleas and the motion to stay pending arbitration should be denied.
 {¶ 8} On February 4, 2008, the Association filed a reply to appellants' response to the motion to stay. The Association argued that R.C 5311.05(E)(3) only permits an aggrieved unit owner to challenge in a court of common pleas an amendment made without any vote of the unit owners when the amendment deals with the limited subject matter of R.C. 5311.05 (E)(1). In other words, the Association argued that pursuant to R.C. 5311.05(E), if the amendment was made without a vote of the unit owners and was enacted to (a) meet the requirements of institutional mortgages, (b) meet the needs of insurance underwriters, (c) bring the declaration into compliance with R.C. Chapter 5311, (d) correct clerical typographical error, or (e) designate a successor to the person *Page 5 
named to receive service of process for the unit owners association, then the matter must be heard in the court of common pleas. Appellee argued this matter does not fall within the context of R.C. 5311.05(E)(1)(a-e), therefore, R.C. 5311.05(E) is not applicable and as such, the matter should be stayed pending arbitration.
 {¶ 9} On February 4, 2008, after considering the arguments of the parties, the trial court held:
 {¶ 10} "The Court begins by noting that the amendment which the Board made in this matter [i.e., changing the percentage of units permitted to be rented from 25% to 5%] does not appear to fall within R.C. 5311.05(E)(1)(a-e). Thus, it appears that R.C. 5311.05(E)(3) is inapplicable to this matter presently before this court."
 {¶ 11} The trial court further states:
 {¶ 12} "Here, as Unit Owners, the Plaintiffs are subject to the Declarations and Bylaws of the Spring Creek Condominium Association. Further, while R.C. 5311.19 permits the filing of a civil action for the violation of covenants, conditions and restrictions set forth in a deed to which they are subject or in the declaration, the Bylaws of the Spring Creek Condominium Association mandates arbitration as a condition precedent to instituting legal proceedings.
 {¶ 13} "Upon consideration of the parties' respective Motion and Memorandum Contra, and reviewing the pertinent law, the Court is satisfied that the issues raised in this matter are referable to arbitration pursuant to R.C. 2711.02(B)."
 {¶ 14} Thereafter, the trial court granted the Association's motion for stay and ordered the matter to arbitration. It is from this judgment that appellants seek to appeal setting forth the following assignment of error: *Page 6 
 {¶ 15} "THE TRIAL COURT ERRED IN DETERMINING THAT R.C. 5311.05(E)(3) WAS INAPPLICABLE IN THE INSTANT CASE AND ERRED IN REMANDING THE MATTER TO ARBITRATION."
 {¶ 16} In their sole assignment of error, appellants argue that the trial court erred in finding that the amendment to the declaration which changed the percentage of units which could be rented from twenty-five percent (25%) to five percent (5%) does not fall within R.C. 5311.05(E)(1)(a-e) and R.C. 5311.05(E)(3) and in granting the motion to stay and referring the matter to arbitration.
 {¶ 17} We first address the question of the proper standard of review to apply to the instant issue. Normally, the determination of whether a dispute is subject to a contractual arbitration clause rests within the sound discretion of the court. Fortune v. Castle Nursing Homes (2005),164 Ohio App.3d 689, 2005-Ohio-6195, 843 N.E.2d 1216, ¶ 7, citingSmall v. HCF of Perrysburg, Inc., 159 Ohio App.3d 66, 2004-Ohio-5757,823 N.E.2d 19. However, this case turns on the proper interpretation of R.C. 5311.05(E), a question of law. Thus, the standard of review is de novo. Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145,147, 593 N.E.2d 286.
 {¶ 18} R.C. 5311.05(E)(1) states that the board of directors may amend a declaration without a vote of the unit owners for the following limited reasons:
 {¶ 19} "(a) To meet the requirements of institutional mortgagees, guarantors and insurers of first mortgage loans, the federal national mortgage association, the federal home loan mortgage corporation, the federal housing administration, the veterans administration, and similar institutions;
 {¶ 20} "(b) To meet the requirements of insurance underwriters; *Page 7 
 {¶ 21} "(c) To bring the Declaration into compliance with this chapter;
 {¶ 22} "(d) To correct clerical or typographical errors or obvious factual errors in the declaration or an exhibit to the declaration;
 {¶ 23} "(e) To designate a successor to the person named to receive service of process for the unit owners association. If the association is incorporated in this state, this may be accomplished by filing with the secretary of state an appropriate change of statutory agent designation." R.C. 5311.05(E)(1)(a-e).
 {¶ 24} In the event that the board of directors amends the declaration without a vote of the unit owners for any of the reasons set forth in R.C. 5311.05(E)(1)(a-e), then R.C. 5311.05(E)(3) provides:
 {¶ 25} "Any unit owner who is aggrieved by an amendment to the declaration that the board of directors makes pursuant to division (E)(1) of this section may commence a declaratory judgment action to have the amendment declared invalid as violative of division (E)(1) of this section. Any action filed pursuant to division (E)(3) of this section shall be filed in the appropriate court of common pleas within one year from the date of the recordation of the amendment."
 {¶ 26} Appellants argue that the Twentieth Amendment seeks to change a fundamental purpose of the condominium units. Appellants argue that when a fundamental purpose of a unit is sought to be changed, the Declaration and Bylaws require one hundred percent (100%) approval of the unit owners. Appellants argue that the seventy five percent (75%) approval which was obtained for the amendment amounted to a void vote. Appellants argue that because the vote was void, the passage of the resolution to amend was solely an action of the board of directors without a *Page 8 
member vote, which falls within R.C. 5311.05(E)(1)(a-e) and, therefore, R.C. 5311.05(E)(3) applies.
 {¶ 27} We first note that appellants' argument that the vote was void relies for its validity on a final decision in their favor of the ultimate issue in the case: whether the vote of 75% of the unit owners was legally and contractually sufficient to pass the resolution changing the percentage of units which could be rented, or whether the resolution affected a fundamental purpose and therefore required 100% approval pursuant to Article XIX, Section 1(a)(iv) of the Declarations and Bylaws. Appellants in essence asked the trial court and ask this court to make a decision in their favor on the merits of their case in order to determine that the statute applies and the case should not be referred to arbitration. We decline to do so at this stage in the proceedings.
 {¶ 28} Further, we disagree with appellants' conclusion that if the vote is void because it was not passed by the required number of unit owners, the amendment then becomes one made by the board of directors without a vote of the unit owners within the meaning of R.C. 5311.05(E)(1). If appellants prove successful on the ultimate issue in the case and the vote is found to be invalid, then the amendment fails and the declaration is not amended. The amendment does not automatically transform into an amendment made by the board without a vote of the unit owners by virtue of the fact that the vote was invalid. In this case, the board took a vote and did not attempt to amend the declaration without a vote of the unit owners; therefore, R.C. 5311.05(E)(1) does not apply.
 {¶ 29} R.C. 5311.19(A) provides that "[a]ll unit owners, their tenants, and all persons lawfully in possession and control of any part of a condominium property, and *Page 9 
the unit owners association of a condominium property shall comply with all covenants, conditions, and restrictions set forth in a deed to which they are subject or in the declaration, the bylaws, or the rules of the unit owners association, as lawfully amended. Violations of those covenants, conditions or restrictions shall be grounds for the unit owners association or any unit owner to commence a civil action for damages, injunctive relief, or both and an award of court costs and reasonable attorney's fees in both types of actions."
 {¶ 30} In this case, Article XX, Section 2 of the Declaration and Bylaws of the Spring Creek Condominiums provides, "In the event of any dispute between the Association and any unit owner or occupant that cannot be settled by agreement between them, no Unit Owner or Unit Owners shall institute legal proceedings against the Association without first submitting the dispute to arbitration in accordance and pursuant to the provisions of the arbitration law of the State of Ohio then in effect (presently Chapter 2711 of the Revised Code of Ohio), by a single independent arbitrator selected by the Board."
 {¶ 31} R.C. 2711.02(B) provides, "If an action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with agreement provided the applicant for stay is not in default in proceeding with arbitration." *Page 10 
 {¶ 32} Ohio public policy favors the enforcement of private arbitration agreements. Kelm v. Kelm (1993), 68 Ohio St.3d 26,623 N.E.2d 39. See also, N. Ohio Sewer Contrs., Inc. v. Bradley Dev.Co. (2005), 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650;Junkins v. Spinnaker Bay Condominium Ass'n., Ottawa App. No. OT-01-007, 2002-Ohio-872. Any uncertainty that exists with regard to the applicability of an arbitration clause should be resolved in favor of coverage. Id. An arbitration clause should not be denied effect unless it can be determined to a high degree of certainty that the clause does not cover the asserted dispute. Owens Flooring Co. v. Hummel Constr.Co. (2000), 140 Ohio App.3d 825, 749 N.E.2d 782. See also Willis v.Linnen, Summit App. No. 20775, 2002-Ohio-2000. The law favors and encourages arbitration. Brennan v. Brennan (1955), 164 Ohio St. 29,128 N.E.2d 89. However, arbitration is a matter of contract and, despite the strong policy in its favor, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit. Teramar Corp. v. RodierCorp. (1987), 40 Ohio App.3d 39. 531 N.E.2d 721.
 {¶ 33} Upon review, we concur with the trial court that "while R.C. 5311.19 permits the filing of a civil action for the violation of covenants, conditions, and restrictions set forth in a deed to which they are subject or in the declaration, the bylaws, or the rules of the unit owners association, Article XX, Section 2 of the Declaration and Bylaws of the Spring Creek Condominium Association mandates arbitration as a condition precedent to instituting legal proceedings."
 {¶ 34} For these reasons, we find that the trial court did not err as a matter of law in staying the trial court proceedings and referring the matter to arbitration. The assignment of error is overruled. *Page 11 
 {¶ 35} Accordingly, the judgment of the Fairfield County Common Pleas Court is affirmed.
By: Edwards, J. Gwin, P.J. concurs and Farmer, J. dissents separately *Page 12 
 {¶ 36} I respectfully dissent from the majority's opinion that it is premature to decide if in fact any action by the Association has occurred. The gravamen of appellants' claim is whether a reduction from twenty-five percent (25%) to five percent (5%) for rental occupancy requires a vote of seventy-five percent (75%) or one hundred percent (100%) of the Association members to be valid.
 {¶ 37} If one hundred percent (100%) is required, there is no Twentieth Amendment and the vote to reduce the number of units for rental occupancy is void. If the vote is void, the arbitration clause does not take affect because there was an "amendment to the declaration" which was an action taken by the board of directors without a member vote. The matter simply becomes a unilateral action of the board of directors which is prohibited by R.C. 5311.05. I believe the trial court should have determined, as a preliminary issue, whether the required vote was one hundred percent (100%) or seventy-five percent (75%) before referring the matter to arbitration. To refer the matter to arbitration infers there was a valid action by the Association.
 {¶ 38} I would remand the matter to the trial court to determine this threshold issue. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] In another pleading the Association argues that where a right to rent a unit is already restricted, a further tightening of that restriction is not a change in the fundamental purpose of any unit. *Page 1