*72 Lanzinger, J.,
concurring in judgment only.
{¶ 45} Because a party who wishes to disavow an arbitration agreement must show that the agreement is both procedurally and substantively unconscionable, I concur in judgment only.
{¶ 46} Appellee, Florence Hayes, has not met her burden to establish that the agreement she signed is procedurally unconscionable. We have no record other than two two-page arbitration agreements among the documents signed and the fact that they were signed by a 95-year-old woman on the date she entered the nursing home. The record does not show by testimony, affidavit, or documentary evidence that appellee, when she signed the agreements, was mentally incompetent, or lacked the ability to read or write, or was confused over language in the agreement, or lacked business savvy, or was emotionally stressed. The record does not show any evidence that the nursing-home representative refused to answer any of appellee’s questions, or denied her request to obtain an attorney, or rushed her through the terms of the agreement. In short, there is no evidence that anyone at the nursing home manipulated appellee into giving up important statutory rights. Speculation about the circumstances surrounding the signing of the agreements is not sufficient to show procedural unconscionability. I concur in holding that the single fact that one of the parties to an arbitration agreement is of advanced age does not establish procedural unconscionability.
{¶ 47} I depart, however, from the majority’s conclusion that this arbitration agreement is not substantively unconscionable. I agree with the dissent that the agreement strips away statutory protections granted to nursing-home residents and defeats the will of the legislature. The majority cites commercial cases in emphasizing the public policy that favors arbitration rights. But the General Assembly has also expressed clearly its intent to protect nursing-home residents through enactment of R.C. Chapter 3721. This is the first time we have considered an arbitration agreement in the nursing-home setting, and we look to the content of the agreement itself to determine whether it is substantively unconscionable. The arbitration clause here waives appellee’s rights to punitive damages and attorney fees but refers to patient rights only by implication in the encompassing words “any dispute” to be subject to arbitration. Because the General Assembly has granted special rights and remedies to those in appellee’s circumstances, unless an arbitration clause specifically explains the rights and remedies to be affected by the arbitration agreement, it is substantively unconscionable.
{¶ 48} At least one appellate court has expressed unease over applying arbitration clauses, which initially were designed to save time and money for sophisticated business people involved in contract disputes, to situations where nursing-home residents give up court trials in negligence actions. Small v. HCF *73 of Perrysburg, Inc., 159 Ohio App.3d 66, 2004-Ohio-5757, 823 N.E.2d 19. Although the General Assembly has not prohibited use of arbitration agreements in nursing-home settings, there is movement at the federal level to do so. Two recently introduced Congressional bills would invalidate predispute arbitration agreements between nursing homes and their residents. H.R. 1237, 111th Cong, (introduced Feb. 26, 2009); S. 512, 111th Cong, (introduced Mar. 3, 2009).
{¶ 49} Not every dispute is arbitrable. This court has held as a matter of public policy that child custody disputes are not subject to arbitration. Kelm v. Kelm (2001), 92 Ohio St.3d 223, 749 N.E.2d 299, syllabus. It may well be that the General Assembly will act at some point to expressly ban certain arbitration agreements in situations like this. Since it has not yet done so, appellee must prove both procedural and substantive unconscionability. Because appellee has not fulfilled the burden to show both, I reluctantly concur in the judgment of the court.
Lundberg Stratton, J., concurs in the foregoing opinion.