NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0578n.06

**No. 12-3458**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 14, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JALENNA BOWIE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CLEAR YOUR DEBT, LLC; ORION | ) |
| PROCESSING, LLC; DERIN SCOTT; | ) |
| SHANNON SCOTT; PRADEEP NAIR, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O P I N I O N

BEFORE: McKEAGUE and DONALD, Circuit Judges, and LAWSON, District Judge.[*]

**McKEAGUE, Circuit Judge.** Jalenna Bowie amassed a large amount of unsecured debt. She entered into a contract with Clear Your Debt, LLC, a debt resolution service. In exchange for a fee totaling over $8000, Clear Your Debt agreed to settle her debts covered by the contract at a fraction of the balance. As often happens when something seems too good to be true, this arrangement was no exception. Several of the debts that Bowie believed Clear Your Debt would pay went unpaid; a collection lawsuit was filed against her; and she ultimately paid Clear Your Debt over $5000 before realizing that some creditors refused to deal with the company and that Clear Your Debt would be unable to resolve much of her unsecured debt.

---

[*]The Honorable David M. Lawson, District Judge for the Eastern District of Michigan, sitting by designation.

No. 12-3458
*Bowie v. Clear Your Debt, LLC, et al.*

This suit followed. Bowie's complaint raises a litany of claims, but those claims are irrelevant to this appeal. We are only concerned with the arbitration clause in the contract between Bowie and Clear Your Debt. There is no dispute that the claims in her complaint fall within the arbitration clause. Her claim is that the arbitration clause is unconscionable. The district court disagreed, and so do we.

We review the district court's decision de novo, *Scovill v. WSYX/ABC*, 425 F.3d 1012, 1016 (6th Cir. 2005), and look to state law when determining whether an arbitration provision is unconscionable, *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). In this case, we look to Ohio law under which a contract provision is only unconscionable if it is both procedurally and substantively unconscionable. *Scovill*, 425 F.3d at 1017 (interpreting Ohio law).

Procedural unconscionability under Ohio law can be distilled to the following concept: the circumstances surrounding the creation of the contract evidence that no voluntary meeting of the minds occurred, usually because of a vast disparity in bargaining power. *Id.* Relevant factors include the "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." *Id.* at 1017-18. In addition, we must look to see if other alternative sources of the service were available. *See Small v. HCF of Perrysburg, Inc.*, 823 N.E.2d 19, 23 (Ohio Ct. App. 2004). To be sure, there was a disparity in bargaining power in this case: Clear Your debt drafted the contract and the contract appears to be a form contract. But the disparity was not so vast as to indicate that no voluntary meeting of the minds occurred.

And Bowie cannot otherwise establish that there is such a vast disparity. Boiled down to its essence, her argument is this: She felt pressured to sign the contract because of the speed with which the Clear Your Debt employee explained the contract to her, and further, because the employee failed to mention the arbitration clause. But presumably, and as the district court found, Bowie, as a single-mother who runs a household and has her associate's degree in nursing, was capable of asking for more time to read the contract and was capable of understanding the arbitration clause had she read it. Neither her failure to read the contract, nor the employee's failure to mention the arbitration clause, renders the contract procedurally unconscionable.

She also argues that the arbitration clause should have been more clearly demarcated on the page, but she cannot contend that it was hidden as the heading "Arbitration of Dispute"—written in bold—is on the top of a page and the arbitration provision is in the same font as the rest of the contract. Would it have been better for Clear Your Debt to box off the arbitration clause and put the headings in all caps, as suggested by the American Arbitration Association? Perhaps. Does the failure to do so render the contract unconscionable? Certainly not.

Finally, this was not a situation where Bowie had no choice but to accept the contract. She could have tried to negotiate the arbitration provision or she could have gone to another debt services company. She did neither. Instead, she failed to read the contract and was later surprised to find that the contract contained an arbitration clause. The fault for not reading the contract rests with her. We therefore cannot say that there was such a vast disparity in bargaining power that no meeting of the minds occurred. There is no procedural unconscionability, and as a result, the arbitration provision was not unconscionable. *Id.* at 1017.

Bowie identifies several other perceived errors in the district court's order, but they are less convincing than her argument above. *First*, she argues that the district court erred by requiring her to arbitrate with the employees of Clear Your Debt—Shannon Scott, Derin Scott, and Pradeep Nair—because there is no evidence in the record that they were employees of Clear Your Debt. Bowie must ignore her complaint to make this argument—her complaint alleges that the Scotts were employees, and that Nair was an agent of Clear Your Debt. Indeed, her claims against these individuals are predicated upon their employment relationship with Clear Your Debt. She therefore cannot say that the record lacks any evidence that these individuals were employees of the company.

*Second*, and along the same vein, she argues that these individuals cannot compel arbitration because they were not signatories to the arbitration clause. Ordinarily, she would be right—nonsignatories cannot ordinarily compel arbitration. But where there is an agency relationship between a signatory and a nonsignatory, the nonsignatory may compel arbitration. *Javitch v. First Union Securities*, 315 F.3d 619, 629 (6th Cir. 2003). Because her complaint appears to base Nair's liability on the fact that he is Clear Your Debt's agent, Nair can compel arbitration. Further, a signatory is estopped from avoiding arbitration with the nonsignatory where the nonsignatory's claims are intertwined with the underlying contract. *Id.* Bowie's claims against the Scotts—and Nair for that matter—are intertwined with the underlying contract. Thus, the district court had the discretion to compel arbitration on those claims.

*Third*, Bowie argues that the district court erred by conditioning the refiling of her claims against Orion and her claims for declaratory relief upon success at arbitration.[1] Specifically, she argues that "success" is ambiguous. We do not need to decide the issue at this time. After arbitration, she may refile her nonarbitrable claims, and if the parties wish to litigate whether she was successful, they may do so then.

Therefore, the opinion of the district court is **AFFIRMED**.

---

[1]These claims were dismissed without prejudice because they were intertwined with the arbitration proceedings and because their result might be dependent upon the result of arbitration.

No. 12-3458
*Bowie v. Clear Your Debt, LLC, et al.*

**LAWSON, District Judge, concurring.** I concur in the majority opinion affirming the order of the district court finding the plaintiff's monetary claims are subject to arbitration. I write separately, however, to express my concern with the way the district court disposed of those claims, namely, dismissing them *with prejudice.*

The district court dismissed the plaintiff's arbitrable claims "with prejudice for lack of jurisdiction pursuant to the arbitration clause . . . ." Mem. Op. and Order at 10. A dismissal "with prejudice" implies an adjudication on the merits, which, of course, did not occur here. The Supreme Court recognized that "[a]t common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim." *Costello v. United States*, 365 U.S. 265, 285 (1961). The dismissal of the plaintiff's arbitral claims should have been *without* prejudice, so that the plaintiff still can pursue them in arbitration if she chooses. *See McIntyre v. First Financial Group*, No. 12-740, 2012 WL 5939931, at *5 (W.D. Mich. Nov. 21, 2012). It appears that in this circuit, that style of dismissal is utilized under these circumstances. *See, e.g., Morgan v. United Healthcare Services, Inc.*, No. 12-676, 2013 WL 1828940 (S.D. Ohio Apr. 30, 2013); *Asbell v. Education Affiliates, Inc.*, No. 12-00579, 2013 WL 1775078 (M.D. Tenn. Apr. 25, 2013); *Scott v. Ameritech Pub., Inc.*, --- F. Supp. 2d ----, 2013 WL 1489095 (E.D. Mich. Apr. 10, 2013); *Rodriguez v. Charles Schwab Corp.*, No. 12-2277, 2013 WL 907380 (W.D. Tenn. Mar. 8, 2013); *Smith v. Cheesecake Factory Restaurants, Inc.*, No. 06-00829, 2013 WL 494090 (M.D. Tenn. Feb. 8, 2013); *see also Brotherhood of R.R. Signalmen v. Invensys Rail Corp.*, No. 12-63, 2013 WL 1309762 (W.D. Ky. Mar. 26, 2013) (rejecting request to dismiss with prejudice where grievance subject to arbitration

- 6 -

was allegedly filed untimely, finding that to be an issue relating to the merits of the grievance and thus subject to review by the arbitrator).

The parties apparently were not concerned with the style of dismissal utilized by the district court, since they did not address the point in their briefing. Therefore, it appears that the defendants have no quarrel with the plaintiff's ability to assert her monetary claims in an arbitral forum. And normally, we do not comb the record to search for issues on our own. However, for the sake of clarity, I would affirm the order of the district court finding the plaintiff's monetary claims are subject to arbitration, and remand with directions to amend the judgment to reflect that those claims are dismissed without prejudice.