OPINION
McKEAGUE, Circuit Judge.
Jalenna Bowie amassed a large amount of unsecured debt. She entered into a contract with Clear Your Debt, LLC, a debt resolution service. In exchange for a fee totaling over $8000, Clear Your Debt agreed to settle her debts covered by the contract at a fraction of the balance. As often happens when something seems too good to be true, this arrangement was no exception. Several of the debts that Bowie believed Clear Your Debt would pay went unpaid; a collection lawsuit was filed against her; and she ultimately paid Clear Your Debt over $5000 before realizing that some creditors refused to deal with the company and that Clear Your Debt would be unable to resolve much of her unsecured debt.
This suit followed. Bowie’s complaint raises a litany of claims, but those claims are irrelevant to this appeal. We are only concerned with the arbitration clause in the contract between Bowie and Clear Your Debt. There is no dispute that the claims in her complaint fall within the arbitration clause. Her claim is that the arbitration clause is unconscionable. The district court disagreed, and so do we.
We review the district court’s decision de novo, Scovill v. WSYX/ABC, 425 F.3d 1012, 1016 (6th Cir.2005), and look to state law when determining whether an arbitration provision is unconscionable, Perry v. Thomas, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). In this case, we look to Ohio law under which a contract provision is only unconscionable if it is both proeedurally and substantively unconscionable. Scovill, 425 F.3d at 1017 (interpreting Ohio law).
*316 Procedural unconscionability under Ohio law can be distilled to the following concept: the circumstances surrounding the creation of the contract evidence that no voluntary meeting of the minds occurred, usually because of a vast disparity in bargaining power. Id. Relevant factors include the “age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible.” Id. at 1017-18. In addition, we must look to see if other alternative sources of the service were available. See Small v. HCF of Perrysburg, Inc., 159 Ohio App.3d 66, 823 N.E.2d 19, 23 (2004). To be sure, there was a disparity in bargaining power in this case: Clear Your debt drafted the contract and the contract appears to be a form contract. But the disparity was not so vast as to indicate that no voluntary meeting of the minds occurred.
And Bowie cannot otherwise establish that there is such a vast disparity. Boiled down to its essence, her argument is this: She felt pressured to sign the contract because of the speed with which the Clear Your Debt employee explained the contract to her, and further, because the employee failed to mention the arbitration clause. But presumably, and as the district court found, Bowie, as a single-mother who runs a household and has her associate’s degree in nursing, was capable of asking for more time to read the contract and was capable of understanding the arbitration clause had she read it. Neither her failure to read the contract, nor the employee’s failure to mention the arbitration clause, renders the contract procedurally unconscionable.
She also argues that the arbitration clause should have been more clearly demarcated on the page, but she cannot contend that it was hidden as the heading “Arbitration of Dispute” — written in bold — is on the top of a page and the arbitration provision is in the same font as the rest of the contract. Would it have been better for Clear Your Debt to box off the arbitration clause and put the headings in all caps, as suggested by the American Arbitration Association? Perhaps. Does the failure to do so render the contract unconscionable? Certainly not.
Finally, this was not a situation where Bowie had no choice but to accept the contract. She could have tried to negotiate the arbitration provision or she could have gone to another debt services company. She did neither. Instead, she failed to read the contract and was later surprised to find that the contract contained an arbitration clause. The fault for not reading the contract rests with her. We therefore cannot say that there was such a vast disparity in bargaining power that no meeting of the minds occurred. There is no procedural unconscionability, and as a result, the arbitration provision was not unconscionable. Id. at 1017.
Bowie identifies several other perceived errors in the district court’s order, but they are less convincing than her argument above. First, she argues that the district court erred by requiring her to arbitrate with the employees of Clear Your Debt — Shannon Scott, Derin Scott, and Pradeep Nair — because there is no evidence in the record that they were employees of Clear Your Debt. Bowie must ignore her complaint to make this argument — her complaint alleges that the Scotts were employees, and that Nair was an agent of Clear Your Debt. Indeed, her claims against these individuals are predicated upon their employment relationship with Clear Your Debt. She therefore cannot say that the record lacks any evidence that *317 these individuals were employees of the company.
Second, and along the same vein, she argues that these individuals cannot compel arbitration because they were not signatories to the arbitration clause. Ordinarily, she would be right — nonsignatories cannot ordinarily compel arbitration. But where there is an agency relationship between a signatory and a nonsignatory, the nonsignatory may compel arbitration. Javitch v. First Union Securities, 315 F.3d 619, 629 (6th Cir.2003). Because her complaint appears to base Nair’s liability on the fact that he is Clear Your Debt’s agent, Nair can compel arbitration. Further, a signatory is estopped from avoiding arbitration with the nonsignatory where the nonsignatory’s claims are intertwined with the underlying contract. Id. Bowie’s claims against the Scotts — and Nair for that matter — are intertwined with the underlying contract. Thus, the district court had the discretion to compel arbitration on those claims.
Third, Bowie argues that the district court erred by conditioning the refiling of her claims against Orion and her claims for declaratory relief upon success at arbitration.[1] Specifically, she argues that “success” is ambiguous. We do not need to decide the issue at this time. After arbitration, she may refile her nonarbitra-ble claims, and if the parties wish to litigate whether she was successful, they may do so then.
Therefore, the opinion of the district court is AFFIRMED.

. These claims were dismissed without prejudice because they were intertwined with the arbitration proceedings and because their re-suit might be dependent upon the result of arbitration.