DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas, which granted a stay after determining that appellee had not waived his right to arbitration. Because we conclude that the trial court did not abuse its discretion in ordering arbitration or granting a stay, we affirm.
{¶ 2} In November 2003, appellee, Vern Buyer, sued Chad D. Long and Buyer's own insurer, appellant, American Family Insurance Company, asserting uninsured/underinsured motorist claims related to a motor vehicle accident which occurred in November 2001. In February 2005, appellee filed a motion to stay the proceedings pending arbitration. Appellant opposed the motion, arguing that, due to the lengthy period of time and litigation expenses, appellee had waived his right to arbitration. Finding that appellant had not waived his right to demand arbitration, the trial court ordered the case to go to arbitration and granted appellee's motion for a stay.
{¶ 3} Appellant now appeals from that decision, arguing the following sole assignment of error:
{¶ 4} "The trial court erred to the prejudice of the Appellant, American Family Insurance Company, by staying these proceedings and ordering the case to arbitration."
{¶ 5} Appellant argues that the trial court erred in granting the stay because appellee waived his right to arbitration. Appellant also claims that the trial court's decision was based only on "matters of law" and that our standard of review of the decision is de novo.
{¶ 6} Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion. Stoll v. United Magazine Co., 10th Dist. No. 03AP-752, 2004-Ohio-2523, at ¶ 18; Atkinson v. Dick MasheterLeasing II, Inc., 10th Dist. No. 01AP-1016, 2002-Ohio-4299, at ¶ 17. A trial court's grant or denial of a stay based solely upon questions of law, however, is reviewed under a de novo standard. See Fortune v. Castle Nursing Homes, Inc., 5th Dist. No. 05 CA 1, 2005-Ohio-6195; Porpora v. Gatliff Building Co.,160 Ohio App.3d 843, 2005-Ohio-2410; Dunkelman v. Cincinnati Bengals,Inc., 158 Ohio App.3d 604, 2004-Ohio-6425.
{¶ 7} Whether the contractual right to arbitration has been waived is a mixed question of both factual issues and the weight to be given those facts under the applicable legal standard. SeeDunkelman, supra; Smith v. Kreepy Krauly USA (Jan. 18, 2001), 4th Dist. No. 00CA2709. In other words, although questions of law may be reviewed de novo, the trial court's ultimate determination of whether the right to demand arbitration has been waived will be reviewed under an abuse of discretion standard. Abuse of discretion connotes more than an error of law or judgment; it implies that the court acted arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
{¶ 8} In this case, appellant argues that the de novo standard applies because the trial court's decision only determined matters of law. We disagree. There is no dispute that the American Family insurance contract permits either party to demand arbitration where the parties cannot agree on the amount of payment, with no specific time limitation.[1] The question we must review is whether the trial court properly weighed and considered the facts under the applicable legal standards. Therefore, the abuse of discretion standard is applicable.
{¶ 9} Arbitration is generally favored in Ohio because its purpose is "to avoid needless and expensive litigation."Fairfield Eng. Co. v. Anchor Hocking Corp. (Apr. 10, 1986), 3d Dist. No. 9-84-37, quoting Springfield v. Walker (1885),42 Ohio St. 543, 546.
{¶ 10} Arbitration is encouraged as a method to settle disputes and a presumption arises when the claim in dispute falls within the scope of the arbitration provision. Battle v. Bill SwadChevrolet, Inc. (2000), 140 Ohio App.3d 185, 188, citingWilliams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471.
{¶ 11} Nevertheless, the right to arbitrate, like any other contractual right, may be implicitly waived. Rock v. MerrillLynch, Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126,128. Since Ohio public policy strongly favors arbitration, however, the party asserting a waiver has the burden of proving it. Atkinson, supra. A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right. Id. at ¶ 20.
{¶ 12} When considering the totality of circumstances, a court may be guided by the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. See Baker-HenningProductions, Inc. v. Jaffe (Nov. 7, 2000), 10th Dist. No. 00AP-36.
{¶ 13} Waiver may attach where there is active participation in a lawsuit demonstrating an acquiescence to proceeding in a judicial forum. Atkinson, supra; Griffith v. Linton (1998),130 Ohio App.3d 746, 751. Nevertheless, a waiver of the right to arbitrate is not to be lightly inferred. Griffith, supra;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,415. Where only limited discovery takes place and neither party would be prejudiced, a trial court does not abuse its discretion by granting a party's request for arbitration. See HarscoCorp., supra at 416 (delayed demand for arbitration granted where limited discovery and depositions would have been conducted in preparation for arbitration and opposing party was not prejudiced). There is no "talismatic formula" to determine if an implied waiver exists, and no one factor has controlling weight.Atkinson, supra, at ¶ 21. As a result, each case is reviewed on an individual basis, permitting the trial court to consider and weigh all relevant factors in making its decision. Id.
{¶ 14} In this case, the record indicates that appellee's counsel allegedly received a copy of the American Family insurance policy in March 2003. The suit was filed in November 2003, presumably to preserve appellee's rights prior to the expiration of the statute of limitations. At that time, appellee did not demand arbitration or request a stay from the trial court. Thus, the record shows that appellee was or should have been aware of her right to demand arbitration prior to filing of suit, and failed to request the stay until 16 months after filing her complaint.
{¶ 15} Nonetheless, the record shows that, during the 16 months, only limited discovery was conducted. Appellee was not deposed until June 2004 and was requested to be seen by appellant's doctor in August 2004. Some delay was also caused by difficulty in serving defendant Long and simply by the court's necessary docket management in setting pretrials and the final trial date. In our view, the parties' would have acted in a similar manner in preparation, even had appellee demanded arbitration early on in the proceedings.
{¶ 16} Moreover, the arbitration clause itself contemplates that the right to arbitration would arise when the parties disagreed, and does not limit the time period when this right may be exercised. Here, appellee filed his demand for arbitration in response to appellant's rejection of his damages demand in February 2005, an action consistent with the terms of the insurance contract itself, which was written by appellant.
{¶ 17} In this case, nothing in the record indicates any actual prejudice to appellant due to the alleged delay in demanding arbitration or that appellee's actions were inconsistent with his right to arbitration. Therefore, in consideration of the totality of the circumstances and public policy favoring arbitration, we cannot say that the trial court abused its discretion in finding that appellee had not waived his right to arbitration or by granting a stay pending the outcome of arbitration proceedings.
{¶ 18} The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.
[1] The arbitration clause provided the following, in pertinent part:
"We or an insured person may demand arbitration if we do not agree:
"1. That the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.
"2. On the amount of payment under this Part. * * *" (Emphasis in the original.)