[Cite as *Haines v. Haines & Co., Inc.*, 2013-Ohio-2973.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LEONARD W. HAINES | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 2012CA00201 |
| HAINES & COMPANY, INC. | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2012CV02617

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     July 8, 2013

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

CHARLES E. RINGER              JAMES F. MATHEWS
4690 Munson Street NW, Suite B    Baker, Dublikar, Beck, Wiley & Mathews
Canton, Ohio 44718             400 South Main Street
North Canton, Ohio 44720

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Leonard W. Haines appeals the October 2, 2012 Judgment Entry entered by the Stark County Court of Common Pleas dismissing Appellant's complaint and compelling arbitration in favor of Defendant-appellee Haines & Company, Inc.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 17, 2012, Appellant Leonard W. Haines filed a complaint in the Stark County Court of Common Pleas for breach of a Stock Purchase Agreement (Agreement) entered into between the parties on December 30, 1997. The Agreement provides for a stock redemption schedule pursuant to which Haines & Company, Inc. (Haines & Company) agreed to pay Appellant the fixed sum of $6,675.08 per month, each year for the period of twenty years in exchange for the sale of Appellant's stock to the company. Haines & Company paid Appellant the monthly payment in accordance with the Agreement for a period of six years, from January 1998, until December of 2003. From January of 2004, until June of 2008, the Company paid Appellant a reduced sum of $4,000.00 per month. Haines & Company then stopped payment altogether.

{¶3} Haines & Company did not cite a disagreement or dispute with Appellant as justification for ceasing payments under the Agreement; rather, the company cited financial difficulties producing cash flow problems for the corporation.

{¶4} On September 14, 2012, Haines & Company filed a motion to compel arbitration. Appellant filed a brief in opposition on September 28, 2012, and a motion for summary judgment. Via Judgment Entry of October 2, 2012, the trial court approved

the prepared judgment tendered with Appellant's motion, dismissing the complaint and compelling Appellant to pursue arbitration.

**{¶5}** Appellant now appeals, assigning as error:

**{¶6}** "I. THE TRIAL COURT ERRED IN THE ENTRY OF JUDGMENT PURPORTING TO ENFORCE A CONTRACTUAL ARBITRATION CLAUSE IN THE ABSENCE OF ANY FACTUAL DETERMINATION OF A 'DISPUTE' SUBJECT TO REFERRAL TO ARBITRATION.

**{¶7}** "II. THE TRIAL COURT ERRED IN THE ENTRY OF JUDGMENT DISMISSING APPELLANT'S ACTION WHEN A STAY IS THE REMEDY AUTHORIZED UNDER R.C. 2711.02."

I.

**{¶8}** In the first assignment of error, Appellant maintains the trial court erred in concluding the matter should be referred to arbitration pursuant to the Stock Purchase Agreement.  We agree.

**{¶9}** Paragraph C of the parties' Agreement reads,

**{¶10}** "C. <u>Arbitration.</u>

**{¶11}** "In the event that there is a <u>dispute</u> between the parties <u>concerning this agreement</u>, the matter will be submitted to binding arbitration pursuant to the Rules of Commercial Arbitration of the American Arbitration Association."

**{¶12}** (Emphasis added.)

**{¶13}** The record before the trial court herein demonstrates Haines & Company stopped paying Appellant in accordance with the Agreement purely as a result of financial difficulties due to cash flow.  The company does not dispute its financial

obligation to Appellant. Further, a determination of the amount due to Appellant under the contract is easily calculated. As such, the Company's inability to pay under the terms of the Agreement does not amount to a dispute between the parties concerning the agreement which would then be referable to arbitration pursuant to the terms of the Agreement. A court is not permitted to alter a lawful contract by imputing intent contrary to the expressed intent of the parties. *Westfield v. Galatis* 100 Ohio St.3d 216, 2003-Ohio-5849.

{¶14} Appellant's first assignment of error is sustained.

II.

{¶15} In the second assigned error, Appellant argues the trial court erred in denying the motion to stay pending arbitration; rather than dismissing the case. We agree.

{¶16} R.C. 2711.02 provides, in pertinent part,

{¶17} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶18} Based upon the above, we find even had the matter been properly referred to arbitration, the trial court should have properly stayed the matter upon

Appellant's application rather than dismissing the action. However, in light of our analysis and disposition of Appellant's first assigned error, we find the issue now moot.

{¶19} The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEONARD W. HAINES | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HAINES & COMPANY, INC. | : | |
| | : | |
| Defendant-Appellee | : | Case No. 2012CA00201 |

For the reason stated in our accompanying Opinion, the October 2, 2012

Judgment Entry entered by the Stark County Court of Common Pleas is reversed and

the matter remanded to the trial court for further proceedings in accordance with the law

and our Opinion.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY