[Cite as *Oregon Homes, L.L.C. v. First Merit Corp.*, 2014-Ohio-3362.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Oregon Homes, LLC                                       Court of Appeals No. L-13-1130

     Plaintiff                                              Trial Court No. CI0201105175

v.

First Merit Corporation, et al.

     Appellees

v.

Stanley Rosenfeld, et al.                               **DECISION AND JUDGMENT**

     Appellants                                            Decided:  August 1, 2014

* * * * *

Thomas M. Saxer and Andrew R. Duff, for appellees.

J. Mark Trimble and Adam V. Nowland, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Stanley Rosenfeld and Rob Cendol (third-party defendants-appellants),

appeal a May 20, 2013 opinion and judgment of the Lucas County Court of Common

Pleas that denied their motion to dismiss appellees' third-party complaint against them. Appellees are Thomas Bear, Sandra Hazra, John Biondi, and Lawrence Saltis. Together, the parties to the third-party action constitute all six members of Oregon Homes, LLC ("Oregon Homes").

{¶ 2} Oregon Homes is an Ohio limited liability company. Its primary business consists of the development of residential real estate and subdivision development. Appellants are both 40 percent members of Oregon Homes. Appellees are the four 5 percent members.

{¶ 3} In the third-party complaint, appellees allege that appellants acted together as majority members of Oregon Homes and breached fiduciary duties they owed to appellees, the minority members. The action is one brought against the majority members personally.

{¶ 4} It is alleged in the third-party complaint that Oregon Homes secured a series of loans for which the minority members executed guaranties unconditionally guaranteeing performance of obligations of Oregon Homes due under loan promissory notes. Oregon Homes allegedly failed to make payments under the notes causing the minority members to pay in excess of $400,000 as guarantors of the loans. The minority members assert in the third-party complaint that the majority members owed a fiduciary duty to them to act to assess each member their pro rata share of costs, expenses, or charges with respect to the operation of Oregon Homes and breached that duty with respect to obligations owing under the loans.

2.

## Litigation History

{¶ 5} Oregon Homes initiated this case with the filing of a complaint on August 30, 2011, naming First Merit Corporation and BBHS Investors, LLC ("BBHS") defendants. BBHS is a limited liability company. The four minority members of Oregon Homes (appellees) are the members of BBHS. The action concerned issues related to the development, sale, and payoff of certain lots in a subdivision in Oregon, Ohio.

{¶ 6} Oregon Homes amended its complaint on November 28, 2011, to name each of the appellees personally as defendants. On January 6, 2012, appellees filed their answer to the amended complaint, a counterclaim, and the third-party complaint.

{¶ 7} Appellants filed their answer to the third-party complaint on May 21, 2012, and asserted as an affirmative defense that the third-party complaint is subject to arbitration under the Oregon Homes, LLC operating agreement. Appellants did not file a motion to compel arbitration or a motion to stay proceedings pending arbitration. Instead appellants waited until March 14, 2013, and filed a motion to dismiss, claiming that the trial court lacked jurisdiction to proceed with the third-party claim because the claim was subject to arbitration under the Oregon Homes operating agreement.

{¶ 8} In the trial court's opinion and judgment of May 20, 2013, the court denied appellants' motion to dismiss on the ground that appellants waived their contract right to arbitrate claims asserted in the third-party complaint.

**{¶ 9}** Appellants assert two assignments of error on appeal:

> A.  The trial court erred in holding that appellants waived their right to arbitrate the matters contained in the third party complaint.
>
> B.  The trial court erred in denying appellants' motion to dismiss the third party complaint for lack of subject matter jurisdiction.

### Jurisdiction

**{¶ 10}** Except in circumstances that do not apply, R.C. 2711.02(C) provides for immediate appeal of a trial court order denying a stay of trial pending arbitration, "including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement." *Id.*  A stay of trial court proceedings where arbitration is required, not dismissal, is appropriate where a claim that is pending before a trial court is to be arbitrated.  *Haines v. Haines & Co., Inc.*, 5th Dist. Stark No. 2012CA00201, 2013-Ohio-2973, ¶ 18; *Gujrati v. Dech*, 9th Dist. Summit No. 16966, 1995 WL 500153, *3 (Aug. 16, 1995); *Vukelic v. Super 8 Builders, Inc.*, 7th Dist. Jefferson No. 90-J-2, 1991 WL 66190, *5 (Apr. 26, 1991).

**{¶ 11}** We consider the trial court's judgment as exercising its discretion under R.C. 2711.02 to determine whether a stay of trial court proceedings should be granted in view of appellants' contention that arbitration of the dispute was required by contract. *See Kozy v. Czyznik-Norton, Inc.*, 6th Dist. Lucas No. L-90-352, 1992 WL 37776, *2 (Feb. 28, 1992).  Accordingly, we conclude that the trial court's order denying arbitration

4.

on the basis of waiver in this case is a final appealable order under R.C. 2711.02(C) and provides jurisdiction for this appeal.

**Waiver**

{¶ 12} Section 14 of the Oregon Homes operating agreement provides:

Section 14. Arbitration

Any dispute arising out of, relating to this Agreement, a breach hereof, or the operation of the business of the Company, shall be settled by arbitration in Lucas County, Ohio, in accordance with the rules of the American Arbitration Association then existing, provided that discovery as provided under the Ohio Rules of Civil Procedure shall be available to all parties to the arbitration. The agreement to arbitrate shall be specifically enforceable and the arbitration award shall be final and judgment may be entered upon it in any court having jurisdiction over the subject matter of the dispute.

{¶ 13} In its judgment, the trial court concluded that the claims asserted in the third-party complaint come within the scope of the arbitration agreement and that no party claimed the arbitration agreement was either unenforceable or invalid. The court ruled, however, that appellants waived the right to arbitrate claims asserted in the third-party complaint. Under assignment of error No. 1, appellants state they did not expressly waive the right to arbitrate the dispute and the trial court erred in concluding they waived the right to arbitrate by implication.

5.

{¶ 14} A trial court's determination that a party waived a contractual right to arbitrate a dispute is reviewed on appeal under an abuse of discretion standard. *Travelers Cas. & Sur. Co. v. Aeroquip-Vickers, Inc.*, 6th Dist. Lucas No. L-06-1201, 2007-Ohio-5305, ¶ 35; *Buyer v. Long*, 6th Dist. Fulton No. F-05-012, 2006-Ohio-472, ¶ 7. Resolution of disputes through arbitration is favored in Ohio. *Kelm v. Kelm*, 68 Ohio St.3d 26, 27, 623 N.E.2d 39 (1993); *Travelers* at ¶ 34; *Peridia, Inc. v. Showe Constr. Co., Inc.*, 6th Dist. Ottawa No. OT-02-027, 2003-Ohio-1415, ¶ 13. "[W]aiver of the right to arbitrate is not to be lightly inferred." *Griffith v. Linton*, 130 Ohio App.3d 746, 751, 721 N.E.2d 146 (10th Dist.1998); *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 415, 701 N.E.2d 1040 (3d Dist.1997).

{¶ 15} "A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right." *Buyer* at ¶ 11; *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 20.

{¶ 16} Appellants do not dispute that they knew of the right to arbitrate disputes under the Oregon Homes operating agreement. Appellants deny that they acted inconsistently with the known right to arbitrate.

{¶ 17} Where an implied waiver of arbitration is claimed, a court may consider a series of factors when considering the totality of the circumstances in determining waiver:

(1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. *Buyer* at ¶ 12; *Travelers* at ¶ 35.

{¶ 18} Appellants state that they timely answered the third-party complaint and preserved the right to arbitrate claims under the third-party complaint by asserting the right as an affirmative defense in their answer. Appellants assert that they were not joined as parties to the litigation until the filing of the third-party complaint and have not acted inconsistently to the right to arbitrate. Appellants contend that an eight-month delay from answer until their filing the motion to dismiss was insufficient to be a basis for waiver of the right to arbitrate. Appellants also argue that appellees were not harmed by the delay.

{¶ 19} Appellees argue in part that appellants took no action to proceed to arbitration and waived the right to arbitrate the dispute. Appellees state that appellants did not act to seek a stay of court proceedings to proceed to arbitration or act to seek an order compelling arbitration. Appellees contend that the motion to dismiss was not filed

7.

as an aid to proceed with arbitration but merely as a means to avoid adjudication on the merits of the dispute.

{¶ 20} Appellants had notice of the right to arbitrate disputes under the Oregon Homes operating agreement at least by April 2011. On April 15, 2011, appellees made a formal written demand on both appellants to arbitrate breach of fiduciary duty claims against Oregon Homes.

{¶ 21} The third-party complaint was filed on January 6, 2012. After appellants answered the third-party complaint, the trial court set a trial date of February 25, 2013. In January 2013, the court vacated the February 25, 2013 trial date and reset the case for trial on April 29, 2013. Appellants did not file their motion to dismiss until March 14, 2013.

{¶ 22} As recognized in *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 18, "[a] party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes."

{¶ 23} In its judgment, the trial court concluded that appellants took no action to arbitrate the third-party complaint:

> There is nothing reflected in the Court's record that the majority members sought to compel arbitration or to stay the proceedings in order to participate in arbitration. Further, there is no suggestion that the majority members took steps to assist the apparently problematic arbitration process,

8.

to move the same forward, or to exercise their own arbitration rights under the Operating Agreement. (Footnote omitted.)

{¶ 24} Appellants cite this court's decision in *Travelers* where this court did not find waiver in a case involving a 19-month delay after filing answer. In *Travelers*, however, the party asserting the right to arbitrate not only asserted the defense in its answer, but also subsequently filed an application for referral to arbitration and for a stay. *Travelers*, 6th Dist. Lucas No. L-06-1202, 2007-Ohio-5305, ¶ 37. Furthermore, appellants are not new to this dispute.

{¶ 25} We find no abuse of discretion in the trial court's determination under the totality of the circumstances that appellants waived the right to arbitrate the claims asserted in the third-party complaint.

{¶ 26} We find assignment of error "A" not well-taken.

{¶ 27} Under assignment of error "B," appellants contend that the trial court erred in failing to dismiss the third-party complaint for lack of subject-matter jurisdiction. Appellants do not dispute that a contractual right to arbitrate a dispute can be waived. Appellants also do not dispute that the trial court had subject-matter jurisdiction to determine whether appellants waived the right to arbitrate the claims asserted in the third-party complaint. Appellants instead, under assignment of error "B," reargue the merits of the trial court's determination of waiver.

9.

**{¶ 28}** For the reasons stated in our determination under assignment of error "A" that the trial court did not err in overruling the motion to dismiss on the basis of waiver, we find assignment of error "B" not well-taken.

**{¶ 29}** Justice having been afforded the parties complaining, we affirm the judgment of the Lucas County Court of Common Pleas and remand this case to that court for further proceedings.  We order appellants to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                            _____
                                                           JUDGE

Arlene Singer, J.        

                                                   _____

James D. Jensen, J.                            JUDGE
CONCUR.

                                                     _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.